**UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| **SANDRA ALLEN,** | ) | |
| | ) | **Case No.:** |
| Plaintiff, | ) | |
| | ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | ) | |
| | ) | |
| **SANTANDER BANK, N.A.,** | ) | **(Unlawful Debt Collections Practices)** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

SANDRA ALLEN ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against SANTANDER BANK, N.A. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.* and the Florida Consumer Collection Practices Act, Florida Statute §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

3. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), §

559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the TCPA. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).

4.     Defendant regularly conducts business in State of Florida, therefore personal jurisdiction is established.

5.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6.     Plaintiff is a natural person residing in Maitland, Florida 32751.

7.     Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8.     Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(8).

9.     Defendant is a corporation with its principal place of business located at 824 North Market Street, Suite 100, Wilmington, Delaware 19801.

10.    Defendant is a "person" as that term is defined by 47 U.S.C. §153(39),

11.    Defendant is a "creditor" as that term is defined in the FCCPA, Fla. Stat. § 559.55(5).

12.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.    Plaintiff has a cellular telephone number.

14.    Plaintiff has only used this number as a cellular telephone number.

15. Defendant placed repeated harassing telephone calls to Plaintiff on her cellular telephone seeking to collect an alleged consumer debt.

16. Upon information and belief, at all relevant times Defendant was contacting Plaintiff in an attempt to collect a "consumer debt" or "debt" as defined by Fla. Stat. §559.55(6).

17. When contacting Plaintiff, Defendant used an automated telephone dialing system and/or a pre-recorded voice.

18. Plaintiff knew that Defendant's calls were automated calls as they would start with a pre-recorded message with no caller on the line before being connected with Defendant's live representatives or terminating.

19. Defendant's calls were not made for "emergency purposes."

20. Shortly after the calls started, Plaintiff demanded that Defendant stop placing calls to her cellular telephone number.

21. Once Defendant was informed that its calls were unwanted and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

22. Once Defendant was aware Plaintiff wanted it to stop calling, the only purpose further calls could serve would be to harass Plaintiff.

23. Despite Plaintiff's clear demand to refrain from contacting her, Defendant persisted in calling Plaintiff repeatedly.

24. Plaintiff found Defendant's repeated calls to be invasive, harassing, frustrating, annoying, and upsetting.

25. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## <u>DEFENDANT VIOLATED THE TCPA</u>

26. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

28. Defendant's calls to Plaintiff were not made for "emergency purposes."

29. Defendant's calls to Plaintiff after she told them to stop calling were not made with Plaintiff's prior express consent.

30. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

31. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT II
## <u>DEFENDANT VIOLATED THE FCCPA</u>

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. Any person attempting to collect a consumer debt violate § 559.72(7) by willfully communicating with the debt with such frequency as can reasonably be expected to harass the debtor or willfully engaging in other conduct which can be reasonable excepted to abuse or harass, the debtor, such as causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

35. Defendant violated § 559.72(7) when it called Plaintiff repeatedly in its attempts to collect an alleged debt and continued to call Plaintiff relentlessly despite being informed by Plaintiff that she did not want to be contacted by Defendant and to stop calling her cellular telephone number.

WHEREFORE, Plaintiff, SANDRA ALLEN, respectfully prays for judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e. Statutory damages of $1,000.00 pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Costs and reasonable attorneys' fees pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

g. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SANDRA ALLEN, demands a jury trial in this case.

Respectfully submitted,

Dated: August 21, 2019
/s/ *Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com